

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2018**

_Mark X. Mullin_
_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 17-44950-MXM-13 |
| **Valerie Kay Handley** | § | |
| | § | Chapter 13 |
| Debtor(s) | § | |

### AGREED ORDER GRANTING DEBTOR(S) MOTION TO SELL
### SECURED PROPERTY FREE AND CLEAR OF LIENS

Based on the Debtor's motion, it is hereby

**ORDERED** that the Debtor(s) Motion to Sell Secured Property Free and Clear of Liens is **GRANTED.**

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the Debtor or their counsel shall provide the Chapter 13 Trustee with the final closing documents for the Property within five (5) business of closing on the Property.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any of the Property proceeds obtained at the time of receipt are fully exempt from the claims of all creditors for six (6) months following the receipt of such proceeds, in addition, the Trustee shall be provided an accounting of the total proceeds obtained by Debtor after the expiration of six (6) months.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** if the Debtor reinvests those sales proceeds into something other than purchasing a new homestead or do not use the proceeds on or before the 6-month limitation for the purpose of acquiring a new Texas homestead, the proceeds shall lose their exempt status and shall

be a non-exempt asset of the bankruptcy estate. The Trustee may file a Modification of Chapter 13 Plan after Confirmation to increase the payments and base accounting for the equity in the sales proceeds that were not used to acquire a new homestead to be paid to the timely filed and allowed unsecured creditors.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if this Chapter 13 case is dismissed, the Chapter 13 Trustee is not waiving any rights she may have under the United States Bankruptcy Code in order to pursue any of the non-exempt funds that remain unpaid.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if this Chapter 13 case is converted to a case under Chapter 7, this agreement is binding on any appointed Chapter 7 Trustee, but nothing herein waives the Chapter 7 Trustee's rights to pursue the Debtor for any non-exempt amount that the Chapter 7 Trustee deems appropriate.

Movant(s) shall serve this Order on the creditors and other parties-in-interest.

*****END OF ORDER*****

**APPROVED AS TO FORM:**

**/s/ Ethan Cartwright**
**Staff Attorney for**
**Chapter 13 Trustee, Pam Bassel**
**SBN: 24068273**


**/s/ Wally W. Wadsworth**
**Attorney for Debtor**
**MS SBN: 100542**